NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL H. LING, | : |
| Petitioner, | : Civil Action No.: 16-2269-BRM |
| v. | : **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : |
| Respondents. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, brought by *pro se* Petitioner Samuel H. Ling ("Petitioner"), challenging a conviction by the State of New Jersey for aggravated manslaughter and related charges. The State filed an Answer addressing the merits of Petitioner's claim (ECF No. 6), and Petitioner did not file a reply. For the reasons stated below, the Petition is **DENIED**.

**I.   FACTUAL BACKGROUND**

Petitioner was convicted of aggravated manslaughter and related gun charges following a guilty plea.[1] Petitioner admitted to having volunteered to intentionally murder his victim as part of a gang-related violent crime. Initially charged with first-degree murder, Petitioner was able to secure a plea deal that reduced his charge to aggravated manslaughter, and agreed to the statutory maximum sentence for such a conviction, thirty years imprisonment. At sentencing, trial counsel

---

[1] The Court relies on the facts of the case as recited by the state trial court in its decision denying Petitioner post-conviction relief ("PCR"). *See State v. Ling*, No. 07-11-2589, slip op. at 2-6 (N.J. Sup. Ct. Law Div. Aug. 30, 2012) (ECF No. 6-9 at 4).

did not argue for a lesser sentence or offer mitigating circumstances. Petitioner was sentenced to the recommended sentence under the plea agreement.

In his petition for PCR, Petitioner raised a claim for ineffective assistance of counsel, based on counsel's failure to raise mitigating circumstances. The state trial court on PCR addressed the Petitioner's claim, finding that while counsel was ineffective, *Ling*, slip op. at 11, no prejudice ensued because Petitioner could not show that the outcome of the sentencing would have been different. *Id.* at 20. The state appellate court substantially adopted the trial court's reasoning on appeal. *State v. Ling*, Indictment No. 07-11-2589, 2015 WL 4614957, at *2 (N.J. Sup. Ct. App. Div. Aug. 4, 2015).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. See *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision involves an "unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 125 S. Ct. 1372, 1376 (2015). Federal courts must follow a highly deferential standard when evaluating, and therefore give the benefit of the doubt to, state court decisions. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley*, 712 F.3d at 845.

A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (petitioner bears the burden of rebutting presumption by clear and convincing

evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (factual determinations of state trial and appellate courts are presumed to be correct).

**III.    DECISION**

Although the Petition appears to assert two grounds for relief, both essentially raise the same claim—trial counsel was ineffective at sentencing for failing to argue mitigating circumstances.[2] (*See* ECF No. 1 at 6-8.)  The state trial court on PCR addressed the claim, finding that while counsel was ineffective in failing to raise mitigating circumstances, *Ling*, slip op. at 11, no prejudice ensued because Petitioner could not show that the outcome of the sentencing would have been different. *Id.* at 20. The state appellate court substantially adopted the trial court's reasoning on appeal. *State v. Ling*, Indictment No. 07-11-2589, 2015 WL 4614957, at *2 (N.J. Sup. Ct. App. Div. Aug. 4, 2015).

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that

---

[2] Petitioner appears to have, in passing, referenced a claim he raised on PCR regarding trial counsel's alleged failure to file a motion to suppress Petitioner's statement to the police. (*See* ECF No. 1 at 8.)  Even if the Court construes the Petition as raising such a claim, that claim is foreclosed by Petitioner's guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that when a defendant enters into a counseled, intelligent, and voluntary plea agreement, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); *Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (finding a claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (holding an ineffective assistance of counsel claim alleging counsel's failure to raise an affirmative defense based on the lack of an indictment had been waived by the guilty plea, because it did not challenge the voluntary and intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred claims of ineffective assistance of counsel that occurred prior to the plea agreement and were not related to the voluntary nature of the plea).

counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness." *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Here, the state court's decision was a reasonable application of established federal law, based on a reason determination of the facts. It is important to note Petitioner obtained his plea sentence after the prosecution agreed to lower the charge from that of first-degree murder to aggravated manslaughter, even though Petitioner confessed to have intentionally and purposefully shot and killed his victim. As such, the potential mitigating factors, *i.e.*, Petitioner's age, the threats by his fellow gang members, lack of prior criminal history, and an possible mental disorder, *Ling*, slip op. at 11-17, were all likely contemplated by the prosecution before agreeing to reduce its charge. Petitioner's claim is akin to a defendant, having secured a plea to voluntary manslaughter based on a passion/provocation defense to murder, arguing at sentencing

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

5

that he should get a further-reduced sentence because he killed his wife only after catching her cheating on him in the act, even though the plea agreement already encompassed that defense. As the state court found, the severity of Petitioner's crime far outweighed any mitigating factors present, and that was even more so when Petitioner received such a favorable plea. *Ling*, slip op. at 22. The Court sees no reason to dispute the state court's holding.

Moreover, the Court disagrees with the state court's finding that counsel was ineffective. As counsel stated at sentencing,

> Judge, I don't think it makes an[y] sense for me to go through the aggravating and mitigating factors because no matter what I say, you can't give him any more, and I may not be F. Lee Bailey, but in my own mind, you're not going to give him any less. The facts are what they are. As far as mitigating and aggravating factors, I would not insult your intelligence. They are what they are.

*Ling*, slip op. at 6. Given the totality of the circumstances, the Court finds nothing objectively unreasonable about counsel's remarks. Just as the Court would not expect any lawyer to argue for the mitigating factor stated above in the Court's passion/provocation hypothetical, the Court finds no fault in counsel's decision not to present any here, having already done his job by securing the reduced charge. It is true that because Petitioner was already subject to the statutory maximum sentence, he had nothing to lose in presenting even the most implausible arguments, but the Constitution does not mandate counsel to assert every conceivable defense. "The law does not require counsel to be perfect. [Defendant's] trial counsel was required to provide objectively reasonable representation to [defendant], and based on the record, he did." *Perez v. United States*, No. 14-6682, 2017 WL 2304230, at *5 (D.N.J. May 25, 2017). As such, were the Court to conduct a *de novo* review of this claim, the Court would find no constitutional violation because Petitioner's claim would fail even the first prong of the *Strickland* analysis. *See Bronshtein v. Horn*, 404 F.3d 700, 724 (3d Cir. 2005) ("[I]f the petitioner's claims fail even *de*

*novo* review—the petitioner is not entitled to habeas relief regardless of the correctness of the state court's analysis of those claims."). Regardless, the Court finds the state court's decision to be a reasonable application of established federal law, based on a reasonable determination of the facts, and relief is denied.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

### V. CONCLUSION

For the reasons set forth above, the Petition is **DENIED**, and a certificate of appealability is **DENIED**.

**Date: May 10, 2018**                    */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**